UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Philadelphia Division

| | |
|---|---|
| IN RE: <br><br> MICHAEL BRENNAN <br> RAFFAEL A TUCK-BRENNAN <br><br> Debtors | Chapter 13 <br> Case No. 24-12904-AMC |
| BRIDGECREST ACCEPTANCE CORPORATION <br><br> Movant <br><br> v. <br><br> MICHAEL BRENNAN <br> RAFFAEL A TUCK-BRENNAN <br>     (Debtors) <br><br> KYNISHA BRENNAN <br>     (Co-Debtor) <br><br> SCOTT F. WATERMAN <br>     (Trustee) <br><br> Respondents | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY PURSUANT TO 11 U.S.C. § 362(d)(1) AND FOR ENTRY OF ORDER WAIVING THE PROVISION OF FED. R. BANKR. P. 4001(a)(4)**

NOW COMES Bridgecrest Acceptance Corporation, a secured creditor in the above-captioned bankruptcy case, by its counsel, Orlans Law Group PLLC, as and for a motion pursuant to 11 U.S.C. § 362(d)(1) and co-debtor relief pursuant to 11 U.S.C. § 1301 and Fed. R. Bankr. P. 4001(a)(4), seeking an Order granting relief from the Automatic Stay in order to obtain possession and dispose of its collateral, namely one 2017 Chevrolet Malibu and states the

following as grounds therefore:

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(b) and § 157(a) and 11 U.S.C. § 362(d). Upon information and belief, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

2. On August 20, 2024, the Debtors, above-named, filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code.

3. Bridgecrest Acceptance Corporation (the "Creditor") is a secured creditor and the holder of a duly perfected security interest in one (1) 2017 Chevrolet Malibu VIN No. 1G1ZE5ST0HF244083 (the "Vehicle") pursuant to a Retail Installment Sale Contract (the "Contract"), a retail installment contract between Raffael Tuck Brennan and Kynisha Brennan and DriveTime Car Sales Company, LLC (the "Seller"), entered into on October 29, 2020, whereby the Debtors agreed to pay a total of $34,640.59 in connection with the purchase of the Vehicle. The Vehicle is owned by, and upon information and belief is in the possession and control of the Debtors. True and correct redacted versions of the Contract and Proof of Lien Perfection are attached as Exhibits "A" and "B", respectively.

4. Pursuant to 11 U.S.C. § 362(d)(1), upon request of a party in interest, the Court shall grant relief from the automatic stay for cause, including lack of adequate protection of an interest in property of such party in interest.

5. As of April 11, 2025, the net total balance due on the obligation to Creditor was $12,717.17.

6. As of April 11, 2025, the Debtors are in default of the payment obligations to the Creditor pursuant to the terms and conditions of the Contract Account $2,452.66, in which post-petition delinquency is of $1,988.01 and pre-petition arrearage is of $464.65.

7. That Creditor has ascertained that the retail value of the Vehicle is $13,525.00 based on N.A.D.A. Used Car Guide's estimated value of the Vehicle. A copy of the N.A.D.A. Guide for valuation of the Vehicle is attached hereto as Exhibit "C".

8. Upon information and belief, there is no other encumbrance affecting the Vehicle, and there is no other collateral securing the indebtedness.

9. Upon information and belief, the Debtors continue to enjoy the use and possession of the Vehicle subjecting same to normal occupational wear and tear thereby causing of the Vehicle to depreciate in value. It is respectfully submitted that the continued use of the Vehicle shall eventually render it useless thereby causing Bridgecrest Acceptance Corporation irreparable damage to its interests in same.

10. It is respectfully asserted that the Creditor's interest in the Vehicle will not be adequately protected if the automatic stay and co-debtor stay are allowed to remain in effect.

11. Accordingly, sufficient cause exists to grant the Creditor relief from the automatic stay and co-debtor stay.

WHEREFORE, the Creditor, Bridgecrest Acceptance Corporation, respectfully requests that the Court issue an Order, pursuant to 11 U.S.C. §362(d) and § 1301(c), either:

a. Granting the Creditor relief from the automatic stay and the co-debtor automatic stay in order to obtain possession and dispose of the Vehicle, the entry of which order shall be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(4); and

    b. For such other and further relief as the Court may deem just and proper.

Date: <u>May 7, 2025</u>

                                      Respectfully Submitted,

                                      */s/ Elizabeth A. Trachtman*
Elizabeth A. Trachtman, Esq. PA 333427
Michele M. Bradford, Esq. PA 69849
Nicole M. Francese, Esq. PA 332253
Orlans Law Group PLLC
Attorney for Bridgecrest Acceptance Corporation
200 Eagle Road, Bldg 2, Suite 120
Wayne, PA 19087
(484) 367-4191
Email: etrachtman@orlans.com
mbradford@orlans.com
nfrancese@orlans.com
File Number: 25-006257