**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Michael Brennan,<br>Raffael A. Tuck-Brennan,<br><br>*Debtors*. | Case No. 24-12904-amc<br>Chapter 13 |

**Order Approving Sale of 7055 Paschall Ave. to Trilogy Group LLC**

     **AND NOW**, upon consideration of the Motion to Sell Real Property filed by Debtors Michael Brennan and Raffael A. Tuck-Brennan, notice to all interested parties, the filing of any response thereto, and after a hearing before the Court and for good cause shown, it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. The Debtors are authorized to sell their real property located at **7055 Paschall Ave.** in the City of Philadelphia, County of Philadelphia, School District of Philadelphia, and State of Pennsylvania (the "Property"), for the sale price of **$105,000**, pursuant to the terms of a certain real estate agreement of sale dated as of August 18, 2025, to the buyer thereunder, Trilogy Group LLC (the "Buyer"), who has been represented to be purchasing the Property at arms-length.

3. The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, must be distributed substantially in the following manner:

   | | |
   |---|---:|
   | Ordinary and reasonable settlement costs: | $425.00 |
   | Lien of NewRez LLC (Claim No. 25) | $52,534.40 |
   | Lien of City of Philadelphia (Claim No. 26) | $15,998.27 |
   | Pa. Dep't of Revenue (Claim No. 16) | $4,885.53 |
   | Philadelphia Gas Works | $10,032.57 |
   | Property repairs: | $0.00 |
   | Real estate commission (at no greater than 6%): | $6,650.00 |
   | Real estate transfer taxes: | $4,807 |
   | Attorney's fees: | $ |

   Any small allowances agreed to be made to Buyer to
settle any unforeseen dispute arising at settlement:.................. $300

   Other:............................................................................................. $0.00

4. The City of Philadelphia's statutory liens and judicial liens, if any, will be paid at closing in amounts necessary to provide the buyer with clear title.

5. After paying all liens in full and all costs of sale, the title clerk shall pay proceeds of the sale in an amount not to exceed $38,774 directly to the Debtors.

6. After paying the Debtors, the title clerk shall then pay Scott F. Waterman, Chapter 13 trustee, the balance of the sales proceeds, if any, to be held by the standing trustee until the Debtors modify their plan to remove payment on claims paid at closing. Once a modified plan is approved, the Trustee shall apply the sales proceeds to the confirmed plan.

7. The title clerk shall fax a completed HUD-1 or settlement sheet from the closing directly to the trustee immediately upon the close of the settlement, and the trustee shall promptly notify the title company of any objections to the sums to be disbursed. The title clerk shall then fax a copy of the disbursement check to the trustee and shall immediately transmit the actual disbursement check to the trustee by overnight courier.

8. If this Order is entered prior to confirmation of Debtors' chapter 13 plan, Debtors shall not be permitted to voluntarily dismiss this case; Debtors may, however, convert this case to one under Chapter 7. In the event the case is converted to Chapter 7, any funds remaining in the possession of the standing trustee shall be transferred to the appointed Chapter 7 trustee.

9. The stay imposed by Fed. R. Bankr. P. 6004(h) is waived, and this order is effective immediately.

Date: Nov. 17, 2025

                Ashely M. Chan
                Chief U.S. Bankruptcy Judge